TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

--------------------------------
                              :
                              :
        OPINION               :
                              :
          of                  :      No. 86-1103
                              :
   JOHN K. VAN DE KAMP        :      MAY 27, 1987
     Attorney General         :
                              :
   RODNEY O. LILYQUIST        :
  Deputy Attorney General     :
                              :
-----------------------------------------------------------------

THE COMMISSION ON JUDICIAL PERFORMANCE has requested an opinion on the following question:

Are Code of Civil Procedure section 2093 and Government Code section 1225 constitutional in requiring the Commission on Judicial Performance to issue certifications under specified conditions?

CONCLUSION

Code of Civil Procedure section 2093 and Government Code section 1225 are constitutional in requiring the Commission on Judicial Performance to issue certifications under specified conditions.

ANALYSIS

The Legislature has recently amended Code of Civil Procedure section 2093 and Government Code section 1225 (Stats. 1986, ch. 1418) to require the Commission on Judicial Performance ("Commission") to issue a certification to a former judge or justice under certain conditions. Section 2093 provides:

"(a) Every court, every judge, or clerk of any court, every justice, and every notary public, and every officer or person authorized to take testimony in any action or proceeding, or to decide upon evidence, has power to administer oaths or affirmations.

"(b) A former judge or justice of a court of record in this state who retired or resigned from office, other than a judge or justice who was retired by the Supreme Court for disability, shall have the power to administer oaths or affirmations, if the former judge or justice requests and receives a certification from the Commission on Judicial Performance that there was no formal disciplinary proceeding pending at the time of retirement or resignation. Where no formal disciplinary proceeding was pending at

the time of retirement or resignation, the Commission on Judicial Performance shall issue the certification.

"No law, rule, or regulation regarding the confidentiality of proceedings of the Commission on Judicial Performance shall be construed to prohibit the Commission on Judicial Performance from issuing a certificate as provided for in this section."

Section 1225 similarly states:

"Every executive and judicial officer and every Member of the Legislature may administer and certify oaths.

"A former judge of a court of record in this state who retired or resigned from office, other than a judge who was retired by the Supreme Court for disability, shall be deemed a judicial officer for purposes of this section, if the former judge requests and receives a certification from the Commission on Judicial Performance that there was no formal disciplinary proceeding pending at the time of retirement or resignation. Where no formal disciplinary proceeding was pending at the time of retirement or resignation, the Commission on Judicial Performance shall issue the certification. No law, rule, or regulation regarding the confidentiality of proceedings of the Commission on Judicial Performance shall be construed to prohibit the Commission on Judicial Performance from issuing a certificate as provided for in this section."

The question presented for resolution is whether the Commission may constitutionally issue a certification as directed by these two statutes. We conclude that the statutes are consistent with the provisions of the California Constitution.

In Mosk v. Superior Court (1979) 25 Ca1.3d 474, 489-490, the Supreme Court summarized the duties of the Commission as follows:

"It has authority to investigate complaints of judicial misconduct, a judge's failure or inability to perform the duties of a judge, and other conduct prejudicial to the administration of justice. The Commission has authority to conduct hearings, make findings of fact (see Gov. Code, §§ 68750-68755; Cal. Rules of Court, rules 901-922), and recommend to the Supreme Court that a given judge be censured or removed or retired from the court. (Cal. Const., art. VI, § 18, subd. (c).) The Commission may privately admonish a judge for improper action or a dereliction of duty, but it has no power to censure, remove, retire, or otherwise discipline a judge. It can only make certain recommendations to the Supreme Court which then reviews the evidence and makes its own findings. ( Geiler v. Commission on Judicial Qualifications (1973) 10 Ca1.3d 270, 276; Spruance v. Commission on Judicial Qualifications (1975) 13 Ca1.3d 778.) Although the Commission's findings are given great weight by the Supreme Court, they are inconclusive except where the Commission, having made a preliminary investigation, concludes that there is insufficient evidence to charge a judge with judicial misconduct."

The Commission conducts its affairs in accordance with rules promulgated by the Judicial Council. Section 18 of article VI of the Constitution not only specifies what the Commission may do but it mandates that the Judicial Council adopt rules concerning the Commission's proceedings. Section 18 provides in relevant part:

"(a) A judge is disqualified from acting as a judge, without

loss of salary, while there is pending . . . a recommendation to the Supreme Court by the Commission on Judicial Performance for removal or retirement of the judge.

"(b) On recommendation of the Commission on Judicial Performance or on its own motion, the Supreme Court may suspend a judge from office without salary. . . .

"(c) On recommendation of the Commission on Judicial Performance the Supreme Court may (1) retire a judge for disability that seriously interferes with the performance of the judge's duties and is or is likely to become permanent, and (2) censure or remove a judge for action occurring not more than 6 years prior to the commencement of the judge's current term that constitutes wilful misconduct in office, persistent failure or inability to perform the judge's duties, habitual intemperance in the use of intoxicants or drugs, or conduct prejudicial to the administration of justice that brings the judicial office into disrepute. The commission may privately admonish a judge found to have engaged in an improper action or a dereliction of duty, subject to review in the Supreme Court in the manner provided for review of causes decided by a court of appeal.

" . . . . . . . . . . . . . . . . . . . . . . . .

"(f) The Judicial Council shall make rules implementing this section and providing for confidentiality of proceedings."

The Judicial Council is comprised of the Chief Justice and one other justice of the Supreme Court, three Court of Appeal justices, five superior court judges, three municipal court judges, two justice court judges, four State Bar members and two legislators. (Cal. Const., art. VI, § 6.) Besides adopting rules for the Commission's proceedings, it has several other duties, including:

"To improve the administration of justice the council shall survey judicial business and make recommendations to the courts, make recommendations annually to the Governor and Legislature, adopt rules for court administration, practice and procedure, not inconsistent with statute, and perform other functions prescribed by statute." (Cal. Const., art. VI, § 6.)

The Judicial Council's rules for the Commission's proceedings are contained in the California Rules of Court, rules 901-922. Rule 902 provides for the confidentiality of the Commission's proceedings:

"(a) Except as provided in this rule, all papers filed with and proceedings before the Commission, or before the masters appointed by the Supreme Court pursuant to rule 907, shall be confidential until a record is filed by the Commission in the Supreme Court. Upon a recommendation of censure, all papers filed with and proceedings before the Commission or masters shall remain confidential until the judge who is the subject of the proceedings files a petition in the Supreme Court to modify or reject the Commission's recommendation or until the time for filing a petition expires.

"Information released by the Commission under this subdivision in proceedings resulting in a recommendation of censure shall make appropriate reference to a petition for review in the Supreme Court filed by the judge, if any is filed, to the end that the public will perceive that the Commission's recommendation and findings are wholly or partly contested by the judge.

"(b) The Commission may release information regarding its proceedings under the following circumstances:

"(1) If a judge is publicly charged with involvement in proceedings before the Commission resulting in substantial unfairness to him, the Commission may, at the request of the judge involved, issue a short statement of clarification and correction.

"(2) If a judge is publicly associated with having engaged in serious reprehensible conduct or having committed a major offense, and after a preliminary investigation or a formal hearing it is determined there is no basis for further proceedings or recommendation of discipline, the Commission may issue a short explanatory statement.

"(3) When a formal hearing has been ordered in a proceeding in which the subject matter is generally known to the public and in which there is broad public interest, and in which confidence in the administration of justice is threatened due to lack of information concerning the status of the proceeding and the requirements of due process, the Commission may issue one or more short announcements confirming the hearing, clarifying the procedural aspects, and defending the right of a judge to a fair hearing.

"(4) _If a judge retires or resigns from judicial office following institution of formal proceedings, the Commission may, in the interest of justice or to maintain confidence in the administration of justice, release information concerning the investigation and proceedings to a public entity_.

"(5) Upon completion of an investigation or proceeding, the Commission shall disclose to the person complaining against the judge that after an investigation of the charges the Commission (i) has found no basis for action against the judge, (ii) has taken an appropriate corrective action, the nature of which shall not be disclosed, or (iii) has filed a recommendation for the censure, removal, or retirement of the judge. The name of the judge shall not be used in any written communication to the complainant, unless the record has been filed in the Supreme Court." (Emphasis added.)


Several reasons have been given for maintaining the confidentiality of the Commission's proceedings. In Mosk v. Superior Court, _supra_, 25 Cal.3d 474, 491-492, the court stated:

"The confidentiality of investigations and hearings by the Commission is based on sound public policy. Confidentiality encourages the filing of complaints and the willing participation of citizens and witnesses by providing protection against possible retaliation or recrimination. (McCartney v. Commission on Judicial Qualifications (1974) 12 Cal.3d 512, 521; Landmark Communications, Inc. v. Virginia (1978) 435 U.S. 829.) Confidentiality protects judges from injury which might result from publication of unexamined and unwarranted complaints by disgruntled litigants or their attorneys (Landmark Communications, Inc. v. Virginia, supra), or by political adversaries. Confidentiality of investigations by the Commission preserves confidence in the judiciary as an institution by avoiding premature announcement of groundless claims of judicial misconduct or disability. ( Landmark Communications, Inc. v. Virginia, supra.) Confidentiality of proceedings before the Commission is essential to protecting the judge's constitutional right to a private admonishment (see Cal. Const., art. VI, § 18,

subd. (c)), if the circumstances so warrant.  _When removal or retirement is justified by the charges, judges are more likely to resign or retire voluntarily without the necessity of a formal proceeding if the publicity that would accompany such a proceeding can thereby be avoided._  (Landmark Communications, Inc. v. Virginia, _supra_, 435 U.S. 829.)  Leading writers have recognized that confidentiality of investigations and hearings by the Commission is essential to its success.  (See Frankel, _Judicial Conduct and Removal of Judges for Cause in California_ (1962) 36 Cal.L.Rev. 72; Frankel, _Removal of Judges:  California Tackles an Old Problem_ (1963) 49 A.B.A. J. 166, 170; Traynor, _Rising Standards of Courts and Judges_ (1965) 40 State Bar J. 677, 688; 1965 Rep. of the Com. on Judicial Qualifications to the Governor, p. 2.)"  (Fns. omitted, emphasis added.)

To this list may be added the purpose of protecting the right of the Supreme Court "to decide for itself whether to administer public censure."  (Gubler v. Commission on Judicial Performance (1984) 37 Cal.3d 27, 60.)

Having thus examined the statutes in question and the roles of the Commission and Judicial Council under the Constitution, we turn to the applicable rules for determining whether these statutes are constitutional.  In Methodist Hosp. of Sacramento v. Saylor (1971) 5 Cal.3d 685, 691, the Supreme Court stated:

"Unlike the federal Constitution, which is a grant of power to Congress, the California Constitution is a limitation or restriction on the powers of the Legislature. [Citations.]  Two important consequences flow from this fact.  First, the entire law-making authority of the state, except the people's right of initiative and referendum, is vested in the Legislature, and that body may exercise any and all legislative powers which are not expressly or by necessary implication denied to it by the Constitution. [Citations.]  In other words, 'we do not look to the Constitution to determine whether the legislature is authorized to do an act, but only to see if it is prohibited.'  [Citation.]

"Secondly, all intendments favor the exercise of the Legislature's plenary authority: 'If there is any doubt as to the Legislature's power to act in any given case, the doubt should be resolved in favor of the Legislature's action.  Such restrictions and limitations [imposed by the Constitution] are to be construed strictly, and are not to be extended to include matters not covered by the language used.'  [Citations.]  Conversely, a constitutional amendment removing those restrictions and limitations should, in cases of doubt, be construed liberally 'in favor of the Legislature's action.'"

Moreover, in Pacific Legal Foundation v. Brown (1981) 29 Cal.3d 168, 180, the court observed:

"[O]ur past cases establish that the presumption of constitutionality accorded to legislative acts is particularly appropriate when the Legislature has enacted a statute with the relevant constitutional prescriptions clearly in mind.  [Citation.]  In such a case, the statute represents a considered legislative judgment as to the appropriate reach of the constitutional provision. Although the ultimate constitutional interpretation must rest, of course, with the judiciary [citation], a focused legislative judgment on the question enjoys significant weight and deference by the courts."

Applying these principles, we find that the Legislature has enacted

Code of Civil Procedure section 2093 and Government Code section 1225 with the language of article VI of the Constitution in mind.  Both statutes provide:

> "No law, rule, or regulation regarding the confidentiality of proceedings of the Commission on Judicial Performance shall be construed to prohibit the Commission on Judicial Performance from issuing a certificate as provided for in this section."

Hence each must be given "significant weight and deference" in considering its constitutionality.

While these statutes are tangentially related to the constitutional powers of the Commission and Judicial Council, the Legislature has not sought to compromise the authority of either public body.  Disclosure under the statutes is made only to the former judge and only when "there was no formal disciplinary proceeding pending at the time of retirement or resignation."  In the absence of such proceedings, the statutes do not impinge upon the Judicial Council's authority to adopt rules with respect to the Commission's proceedings; maintaining the confidentiality of the proceedings is assured under the legislation.  The goals of protecting complainants and witnesses and the right of the Supreme Court to administer public censure are not threatened where the disclosure concerns solely the nonexistence of proceedings.

It must also be noted that the constitutional provision for confidentiality terminates when the Commission files its record in the Supreme Court.  (See Gubler v. Commission on Judicial Performance, supra, 37 Cal.3d 27, 59-60; Mosk v. Superior Court, supra, 25 Cal.3d 474, 490, 499.)  Such is also the basic provision of rule 902 of the California Rules of Court.  We believe that disclosure to a former judge that no proceedings existed may be treated similarly to the situation where the proceedings have terminated.  Support for this conclusion may be found in Gubler v. Commission on Judicial Performance, supra, 37 Cal.3d 27, 59, where the court observed that the constitutional provision for confidentiality "was construed in Mosk v. Superior Court (1979) 25 Cal.3d 474, to require that commission proceedings be confidential, at least while they are under way."  Code of Civil Procedure section 2093 and Government Code section 1225 do not compromise any proceedings of the Commission that are, or were ever, underway.

We are directed to harmonize and give effect to both the Constitution and the Legislature's statutes if at all possible.  (See State Personnel Bd. v. Fair Employment & Housing Com. (1985) 39 Cal.3d 422, 437-441; Pacific Legal Foundation v. Brown, supra, 29 Cal.3d 168, 193-199.)  Here we find no impermissible conflict.  Simply put, nothing is disclosed to the public under these statutes, and no pending or closed proceeding of the Commission is compromised.  Different public purposes are served by the constitutional provisions and the statutes with differing consequences.

In answer to the question presented, therefore, we conclude that Code of Civil Procedure section 2093 and Government Code section 1225 are constitutional in requiring the Commission to issue certifications under the specified conditions.

* * * * *